**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHARVELLE LAMONT ROBINSON,**

                **Petitioner,**

        v.                                      **CASE NO. 22-3031-SAC**

**HAZEL PETERSEN,**

                **Respondent.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that this matter was not filed within the applicable statute of limitations. Therefore, the Court will direct Petitioner to show cause why the matter should not be dismissed as time-barred.

**Background**

In 2005, a jury in Sedgwick County, Kansas, convicted Petitioner of two counts of aggravated robbery; the following spring, the district court sentenced him to a controlling sentence of 277 months in prison. (Doc. 1, p. 1); *State v. Robinson*, 2007 WL 4158148, *1 (Kan. Ct. App. 2007), *rev. denied* May 28, 2008. Petitioner pursued a direct appeal and the Kansas Court of Appeals (KCOA) explained the issues on appeal as follows:

> "At the close of the State's evidence at trial, Robinson's counsel informed the court of a conflict between him and Robinson regarding whether to call Paul

>and Larry Barnett as witnesses. The Barnetts confessed to participating in the crimes. In an interview taped by the police, Larry specifically identified Robinson as a participant. If called to the stand, Paul indicated that he would testify that Robinson participated in the gas station robbery. The State had initially planned to call the Barnetts to testify but decided their testimony was unnecessary. Robinson's counsel believed their testimony would be very damaging to Robinson's case. The trial court denied Robinson's request to call these witnesses contrary to the advice of his attorney and Robinson elected not to represent himself.
>. . . .
>[On appeal, Robinson] contends that when his attorney refused to call Larry and Paul Barnett to testify, he was deprived of his right to due process and his right to call witnesses in his own defense pursuant to the Sixth and Fourteenth Amendments to the United States Constitution. He also contends his sentence is as stated by the sentencing judge from the bench in open court, not as stated in the journal entry. Finally, he contends the sentencing court erred in using a criminal history that was not proven beyond a reasonable doubt to a jury." *Id.*

The KCOA rejected all of Petitioner's grounds for relief, and the Kansas Supreme Court (KSC) denied Petitioner's petition for review on May 28, 2008.

In April 2015, Robinson filed a motion in state district court seeking permission to file an untimely motion for post-conviction relief under K.S.A. 60-1507. *Robinson v. State*, 2017 WL 2494964, *1 (Kan. Ct. App. 2017). The district court denied the motion and, on appeal, the KCOA affirmed the denial in an opinion filed June 9, 2017. *Id.* at *1, 6. Petitioner filed a second K.S.A. 60-1507 in state district court in March 2018, which the district court denied in December 2019. (Doc. 1, p. 4.) Petitioner appealed the denial; the KCOA summarily affirmed the denial and the KSC denied Petitioner's petition for review on January 13, 2022.

On February 13, 2022, Petitioner filed in this Court his

petition under 28 U.S.C. § 2254 for writ of habeas corpus. (Doc. 1.) He asserts two grounds for relief. First, he contends that he is actually innocent of the crimes of conviction, he suffers from a mental impairment, and he has suffered a manifest injustice. *Id.* at 5. Petitioner explains that he was held in segregation for two years, during which time he began hallucinating, so he was transferred to a mental health facility at Lansing, where he stayed for seven years and was diagnosed with schizophrenia. *Id.* Petitioner asserts that he was unable to timely file his 60-1507 motion in state district court "due to his impairment and institutionalization." *Id.*

As his second ground for relief, Petitioner asserts that he received ineffective assistance of counsel, contrary to the guarantees of the Sixth Amendment to the United States Constitution, when his attorney refused to call Larry Barnett and two other witnesses to testify at trial. *Id.* at 6. Petitioner contends that Larry Barnett "had exculpatory information which pertained directly to [Petitioner's] alibi defense" and the other witnesses would have provided "crucial" testimony. *Id.* As relief, Petitioner asks "that his conviction be reversed and [his] case remanded to the District Court." *Id.* at 14.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to undertake a preliminary review of the habeas petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, . . . the judge must dismiss the petition." *See* Rule 4. The Court has conducted the Rule 4 preliminary review and has identified the following deficiencies.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S.

113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal in state courts for an individual to file in the United States Supreme Court a petition for writ of certiorari, which is a request for review by the United States Supreme Court. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003).

Petitioner's direct review concluded on May 28, 2008, when the KSC denied the petition for review of his direct appeal. Petitioner then had 90 days in which to file in the United States Supreme Court a petition for writ of certiorari, but there is no indication that he did so. Accordingly, on approximately August 27th, 2008, the day after the 90 days expired, the one-year period in which Petitioner could timely file a federal habeas petition began. It expired one year later, on approximately August 27th, 2009.[1] But Petitioner did not file the current federal habeas petition until February 13, 2022.

In the section of the amended petition that addresses timeliness, Petitioner states that he "claims actual innocence, and has attached to this petition an affidavit and claim of same." (Doc. 1, p. 13.) Actual innocence can create an exception to the one-year

---

[1] The federal statute that controls the deadline for state prisoners filing federal habeas petitions allows for pausing the one-year period during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But in this case, Petitioner did not file such an application during the relevant one-year time period, so the statute's tolling provision does not apply.

federal habeas time limitation. To qualify for the actual innocence exception, a prisoner need not establish factual innocence. Rather, he or she "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with and identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner has attached to his petition a copy of a document filed in Sedgwick County District Court on January 3, 2022, titled "Actual Innocence Claim." (Doc. 1, p. 26.) In that document, Petitioner asserts that if the jurors had heard Larry Barnett's testimony that he dropped Petitioner off before the robberies occurred, "[t]here is a reasonable probability that . . . the outcome of the trial would have been different." *Id.* at 27, 30. In an attached sworn affidavit, Petitioner states that the Barnetts dropped him off at the home of Ceara Oddtry at between 9 and 9:30 p.m. on the night of the robberies, where he stayed until Paul Barnett picked him up between 10 and 10:45 p.m., when Paul told Petitioner "that he and Larry had just committed some robberies." *Id.* at 36. Petitioner concedes that he testified at trial on his own behalf but says he "made up a story." *Id.*

The actual innocence inquiry is "a probabilistic determination that, in light of all the evidence—'old and new; admissible and inadmissible,'—'more likely than not any reasonable juror would have reasonable doubt.'" *Fontenot v. Crow*, 4 F.4th 982, 1035 (10th

Cir. 2021) (citations omitted). When considered through this holistic lens, the Court is not persuaded that it is "more likely than not [that] any reasonable juror would have reasonable doubt" about Petitioner's guilt after hearing the additional testimony. *See id.* at 1030. Simply put, even if Larry Barnett testified that he dropped off Petitioner before the robberies took place and Ms. Oddtry testified that Petitioner was at her home during the robberies, the credibility and weight of that evidence would be severely undermined by the taped police interview in which Larry Barnett "specifically identified Robinson as a participant" and Paul Barnett's "indicat[ion] that he would testify that Robinson participated in the gas station robbery." *Robinson*, 2007 WL 41587148, at *1.[2] Thus, this is not a situation where "'"evidence of innocence [is] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."'" *See Fontenot*, 4 F.4th at 1031. Thus, on the information now before the Court, the actual innocence gateway remains closed.

In addition to the actual innocence exception to the timeliness requirement, however, the one-year federal habeas limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances

---

[2] The description of the recorded police interview and of Paul Barnett's comments come from the KCOA opinion in Petitioner's direct appeal. The Tenth Circuit has instructed that "'when a state court has made a factual determination bearing on the resolution of a *Schlup* issue, the petitioner bears the burden of rebutting this presumption by "clear and convincing evidence."'" *Fontenot v. Crow*, 4 F.4th 982, 1034-35 (10th Cir. 2021) (citations omitted).

beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

"'Equitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity.'" *Alvarado v. Smith*, 713 Fed. Appx. 739, 742 (10th Cir. 2017) (quoting *Reupert v. Workman*, 45 Fed. Appx. 852, 854 (10th Cir. 2002)). In order to establish grounds for equitable tolling based on incapacity, a prisoner "needs to show that he had been institutionalized for mental incapacity, judged incompetent, or not capable of pursuing his own claim during the period in which he needed to file his application." *Alvarado*, 713 Fed. Appx. at 742.

Petitioner should also be aware that when his incapacity ended, the one-year federal habeas limitation period resumed. Thus, the time in which Petitioner *was* mentally capable of pursuing his federal habeas claims counts toward the one-year federal habeas limitation period. The relevant time period is August 27, 2008 (when

the limitation period began running) to February 13, 2022 (when Petitioner filed his petition). In order for this matter to be timely due to equitable tolling because of mental incapacity, Petitioner must demonstrate that during this time period, there were no more than 365 days total on which he was mentally capable of pursuing his federal habeas claims.[3]

Petitioner must make more than mere allegations of mental incompetence; he must specifically explain how his mental status left him incapable of pursuing his claims. *Id. See Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (declining to equitably toll a statute of limitations where the plaintiff claimed mental illness but "the evidence demonstrates that, in spite of his mental condition, [the plaintiff] 'was capable of pursuing his own claim'" during the relevant time period.).

Because Petitioner focused on the actual innocence exception in his petition, the Court will allow him the opportunity to provide additional information in support and/or to demonstrate that the filing deadline should be equitably tolled. If Petitioner fails to timely submit a response to this order, this matter will be dismissed as time-barred without further prior notice to Petitioner.

**Failure to State a Claim**

"[I]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62,

---

[3] It appears that both of Petitioner's 60-1507 proceedings were denied due to their untimeliness, which means that they would not toll the statute of limitations for this federal habeas action. If this is incorrect, Petitioner should so advise the Court and, if possible, provide with his response to this order a copy of the dispositive appellate order or opinion for his second 60-1507 proceeding.

67-68 (1991) (citations omitted). Ground One of the petition appears to assert that Petitioner's innocence means that his convictions constitute a manifest injustice and that the Kansas courts should have considered his first 60-1507 motion.[4] Ground One does not identify a Constitutional provision, a law, or a treaty of the United States that was violated.

As Petitioner concedes in his "Actual Innocence Claim" document, "[a]n actual innocence claim is . . . procedural, not substantive, in nature; it is not itself a Constitutional claim, but a gateway through which a Habeas Petitioner must pass to have his otherwise barred Constitutional claim considered on the merits." (Doc. 1, p. 33.) Recently, the Tenth Circuit reaffirmed that "there is no cognizable stand-alone actual innocence claim based on newly discovered evidence, at least in a noncapital case. *Nicholls v. Long*, 2022 WL 211617, *9 (10th Cir. Jan. 25, 2022) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."); *see also Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019) ("We have thus held that actual innocence does not constitute a freestanding basis for habeas relief.")). Accordingly, even if Petitioner establishes that this matter is not time-barred, Ground One is subject to summary dismissal for failure to state a claim on which federal habeas relief may be granted.

---

[4] If the Court has misunderstood or misconstrued Petitioner's argument in Ground One, Petitioner may clarify its meaning in his response to this order.

**Conclusion**

After reviewing the petition, the Court concludes that the matter was not timely filed, there does not appear to be any basis for statutory tolling, and Petitioner's actual innocence argument is unpersuasive. The Court will allow Petitioner the opportunity to demonstrate grounds for equitable tolling and/or to present additional argument and evidence showing that the actual innocence exception to the one-year limitation period applies. The Court has also concluded that Ground One is subject to summary dismissal for failure to state a claim upon which federal habeas relief may be granted. If Petitioner disagrees with this conclusion, he may show cause, in writing, why Ground One should not be dismissed. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including April 8, 2022, in which to show cause, in writing, to the Honorable Sam. A. Crow, United States District Judge, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:  This 8th day of March, 2022, at Topeka, Kansas.

> S/ Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge